## THE PEOPLE *v.* ADORNO.

### APPEAL from the District Court of Arecibo.

No. 356.—Decided November 29, 1911.

CRIMINAL LAW—MISDEMEANORS TRIED BY MUNICIPAL COURTS—TRIAL DE NOVO IN DISTRICT COURTS.—The fact that a case of misdemeanor is tried originally in a district court instead of in a municipal court so that later the trial *de novo* may be heard on appeal in the district court does not deprive the defendant of any right, because the essential point is that, after he has been duly summoned, the defendant have a public and impartial trial.

ID.—LIMITS OF PENALTY FOR MISDEMEANOR.—There is no legal provision authorizing the imposition of a penalty of imprisonment at hard labor on a

party convicted of misdemeanor, though in accordance with the present
statutes he may be sentenced to imprisonment and to labor on public works.

The facts are stated in the opinion.

*Mr. José de Jesús Tizol* for appellant.

*Mr. Jesús M. Rossy,* prosecuting attorney, for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

José Adorno appealed to this court from a judgment of the
District Court of Arecibo which found him guilty of the
crime of libel and condemned him to one year in the jail at
hard labor. The appellant appeared here but filed no brief,
and the only question raised in the oral argument was
whether the District Court of Arecibo had original juris-
diction in misdemeanor cases, libel being a misdemeanor.
The contention is that the law of March 10, 1904, organizing
the judiciary of Porto Rico, etc., gave to the municipal judges
sole jurisdiction in all criminal cases except felonies. The
words are "He (the municipal judge) shall have jurisdiction
in all criminal cases except felonies, and in all felony cases
the municipal judge may act as a committing magistrate."
These are the exact words, and we do not think that they
are susceptible of the meaning for which appellant contends.

Section 33 of the Foraker Act gave the Legislature of
Porto Rico authority to legislate in all matters referring to
the jurisdiction of the courts; accordingly, in the legisla-
tive session of 1902 the legislature passed a system of laws
known as the Penal Code and the Code of Criminal Proced-
ure. An inspection of the Penal Code will show that a very
large number, possibly the majority, of crimes are made
misdemeanors, and up to the year 1904 there was no pos-
sible doubt that the district court had jurisdiction over them.
There are certain crimes, like larceny and embezzlement,
which are sometimes felonies and sometimes misdemeanors,
depending upon the amount stolen or embezzled. If a case
were taken in the district court on the theory of its being a
felony and it should turn out that the amount was within the
jurisdiction of a municipal court, a defendant might, on the

theory of the appellant here, maintain that the municipal court was the sole one to take jurisdiction, and that the district court was without said jurisdiction. In a large class of crimes, like conspiracy cases, election cases, and crimes against the revenue, witnesses may be needed from all parts of the district or all parts of the Island, so that the inconvenience of trying a case in a municipal court would be manifest.

Section 8 of the Code of Criminal Procedure reads as follows: "The jurisdiction of an offense shall be in the district court of the district where the offense has been committed." This article plainly fixes the jurisdiction of crimes in the district courts; and the Code of Criminal Procedure in various sections refers indiscriminately to informations for felonies and misdemeanors.

Section 72 refers to the forms of informations, and suggests to the *fiscal* that he should designate whether the crime be a felony or a misdemeanor.

Section 77 provides that the information must charge but one offense, and that the same offense may be set forth in different forms under different counts. This section would be rendered nugatory if a crime was possibly a felony or a misdemeanor, dependant upon the proof to be adduced, as might easily happen in larceny, embezzlement, and other cases.

From these indications in the Penal Code and the Code of Criminal Procedure it seems evident that if the legislature had decided to confer sole original jurisdiction on the municipal courts, it would have used more specific language. The district court is a court of record where grave crimes can be properly adjudicated. It is true that the municipal courts have original jurisdiction of misdemeanors; but such jurisdiction is always subject to the inspection and supervision of the prosecuting officers. It is suggested that some defendants, under the present system, might have two trials, and

that others might not, and that if any defendants are entitled to two trials for a misdemeanor, all of them are. The municipal courts, however, are generally for the trial of small offenders. When a case reaches the district court a new trial must be had. The granting of an appeal is not a matter of right, unless so fixed by the statute. (*In re* Houghton appeal, 42 Cal., 35.) The granting of jurisdiction to the municipal courts was not a step taken in the interest of the defendant in order to give him a number of chances to be acquitted, but to facilitate the trial of the numerous petty cases that might arise. Many a defendant rests content with his conviction or is advised to rest content by his counsel; but provision is made in the law by which a man who knows or feels that he has not been properly tried in the municipal court can have his case tried in the court of general jurisdiction. When the *fiscal,* however, begins a proceeding in a district court instead of in the municipal court, he is not depriving the defendant of any right, because the law only contemplates a fair trial, namely, a notice and a hearing. The notice that the defendant gets from the district court is bound to be fuller and more ample than from the complaint in the municipal court. The testimony is apt to be confined in stricter bounds. Too much stress cannot be laid upon the fact that what the law contemplates is a fair and impartial trial, and no defendant has a right to complain if he has such a fair and impartial trial in the district court, even if some one else had a trial both in the municipal and district courts. If a man is innocent he can hope for no better opportunity for a vindication from a false charge than a trial in the district court. On the other hand, if a man is guilty the State and the public have an interest in seeing that he should be convicted and punished. Courts are organized for the protection of the innocent and the punishment of the guilty.

Many of these considerations go to the question of some supposed right. What the law guarantees is due process of law. The trial in the district court is unquestionably such

due process.* The principal consideration, however, is that with the Penal Code conceived as it has been and section 8 of the Code of Criminal Procedure being unchanged, it is impossible to suppose that the legislature intended to take original jurisdiction from the district courts without some express language in the statute to that effect.

The judgment in this case provides a year in jail at hard labor. We find no authority in the law for condemning a man who is guilty of a misdemeanor to be punished by imprisonment at hard labor. The judgment must be modified so as to sentence the prisoner to one year in jail and to labor upon the public works in accordance with the statute, and the judgment as so modified must be affirmed.

*Decided accordingly.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.